IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01766-WYD-PAC

SHELLEY BURKE,

    Plaintiff(s),

v.

BRENT NITTMAN, in his individual capacity,

    Defendant(s).

---

**ORDER**

---

THIS MATTER is before the Court on Defendant's Motion to Stay All Proceedings Pending Determination of the Underlying State Personnel Board Proceedings, filed February 8, 2006.  The motion indicates that Plaintiff opposes the stay, but Plaintiff has not filed any Response to the motion.

In this case, Plaintiff, a Correctional Safety and Security Officer at Platte Valley Youth Service Center, brings a claim pursuant to 42 U.S.C. § 1983 alleging that Defendant, who was her supervisor, terminated her in retaliation for exercising her rights under the First Amendment.  According to the motion to stay, Plaintiff has initiated an appeal of this same termination with the State Personnel Board.  In October, 2005, the Administrative Law Judge conducted a hearing and issued a decision finding that Plaintiff's termination was the result of unlawful retaliation and ordering her reinstatement.  The Respondent in the state administrative action, the Department of Human Services, has appealed the ALJ's decision to the State

Personnel Board, and that appeal is currently pending. In the motion to say, Defendant Nittmann indicates the State Personnel Board's decision may be further appealed to the Colorado Court of Appeals. Defendant Nitmann contends that this Court should stay this case pursuant to the Younger abstention doctrine because there is an ongoing state judicial proceeding that implicates an important state interest in which Plaintiff has an adequate opportunity to raise her federal claim.

A federal court must abstain from hearing a case pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971) where three conditions are satisfied:

(1) there are ongoing state criminal, civil or administrative proceedings;
(2) the state court offers an adequate forum to hear the federal plaintiff's claims from the federal lawsuit; and
(3) the state proceeding involves important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1187 (1998). A state forum is inadequate for purposes of Younger abstention where the plaintiff's claims are subject to exclusive federal jurisdiction. *Lawrence v. Cohn*, 932 F. Supp. 564, 575 (S.D.N.Y. 1996) (finding abstention inappropriate in securities fraud action); *Space Age Fuels, Inc. v. Standard Oil Co. of California*, 1996 WL 160741 at *5 (D. Ore. Feb. 29, 1996) (abstention inappropriate in R.C.R.A. case); *Ralph Rosenberg Court Reporters, Inc. v. Fazio*, 811 F. Supp. 1432, 1437 (D. Hawaii 1993) (abstention inappropriate in Sherman Act case).

Here, I find that all three conditions set forth in *Younger v. Harris* are satisfied. According to the allegations in the motion to stay, which Plaintiff has not contested, there is an ongoing state administrative proceeding involving the same factual

allegations alleged in this case.  In addition, those administrative proceedings are an adequate forum for Plaintiff to raise the claims she raises in this suit.  Finally, I find that the state administrative proceedings involve important state interests.

Therefore, it is hereby

ORDERED that Defendant's Motion to Stay All Proceedings Pending Determination of the Underlying State Personnel Board Proceedings, filed February 8, 2006, is **GRANTED**.  It is

FURTHER ORDERED that all proceedings in this case are **STAYED** pending further order of the Court.  It is

FURTHER ORDERED that Plaintiff shall file a status report with this Court within thirty-days of receipt of any decision from the State Personal Board concerning the appeal of the ALJ's decision in case no. 2004B069.

Dated:  March 13, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge